# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, Trustee, )
)
    Plaintiffs, )
) No. 10 C 950
    v. )
) The Honorable William J. Hibbler
ST. JOSEPH PACKAGING, INC., )
a Missouri corporation; CHADBRUCK, INC., )
a Missouri corporation; and BAGS & BOXES II, )
INC., a Missouri corporation, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Howard McDougall, a trustee for the Pension Fund, bring this suit under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1001 *et seq.*, to recover an interim withdrawal liability payment from Defendants pursuant to Defendant St. Joseph Packaging's withdrawal from the Pension Fund. Plaintiffs now move for summary judgment on their claim. For the following reasons, the Court GRANTS Plaintiff's motion.

### I. Factual Background

The relevant facts in this case are undisputed. The Pension Fund is a non-profit, multiemployer pension plan. All three Defendants are Missouri corporations. On or about October 31, 2009, Defendant Chadbruck owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding

1

share of all classes of stock of St. Joseph Packaging. Chadbruck also owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Defendant Bags & Boxes.

During all relevant times prior to October 31, 2009, St. Joseph Packaging was bound by a collective bargaining agreement with a Teamster local, under which the company was required to make pension contributions to the Pension Fund on behalf of certain employees. On October 31, 2009, the company permanently ceased all covered operations under the agreement, and thereby effected a complete withdrawal from the Pension Fund as defined in 29 U.S.C. § 1383.

Since St. Joseph's withdrawal, the Pension Fund has treated all three Defendants as a group of trades or businesses under common control under 29 U.S.C. § 1301(b)(1), and it refers to the group as the "St. Joseph Packaging Controlled Group." As a result of the withdrawal, the Pension Fund made a withdrawal liability determination under 29 U.S.C. § 1381(b) and assessed Defendants joint and several withdrawal liability in the principal amount of $7,805,334.78. On or about January 22, 2010, Defendants, through Chadbruck, received a notice and demand for payment of the withdrawal liability. The Pension Fund demanded full and immediate payment in a single lump sum payment by February 1, 2010 because it determined that there was a substantial likelihood that the St. Joseph Packaging Controlled Group would be unable to pay the withdrawal liability. *See* 29 U.S.C. § 1399(c)(5)(B) (providing for immediate payment upon a determination of a substantial likelihood that an employer will be unable to pay the withdrawal liability).

Defendants failed to make any payment on the demand. By letter dated February 17, 2010, Defendants requested that the Pension Fund review its determination pursuant to 29 U.S.C. § 1399(b)(2)(A). In its request, it argued that it was entitled to a reduction of liability pursuant to

29 U.S.C. §§ 1405(a) and/or (b), and that it should be allowed to pay off the withdrawal liability in installments. On July 6, 2010, the Board of Trustees of the Pension Fund notified Defendants that it had rejected Defendants' request. The Trustees based their decision on the fact that St. Joseph Packaging had sold its assets and planned to liquidate and dissolve on October 31, 2009, and their subsequent determination that there was a substantial likelihood that Defendants would be unable to pay the withdrawal liability.

On July 13, 2010, the St. Joseph Packaging Controlled Group initiated arbitration seeking to challenge the merits of the withdrawal liability in accordance with 29 U.S.C. § 1301. The arbitration proceeding is currently pending, though the arbitrator did issue a "Preliminary Ruling" on February 16, 2011 subsequent to the filing of this motion. The arbitrator's ruling supports Plaintiffs' position and its withdrawal liability determination.

## II. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202

3

(1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## III. Analysis

The purpose of this action is not to obtain an ultimate determination of Defendants' withdrawal liability. Instead, Plaintiffs bring this action to compel Defendants to provide interim payment of that liability while arbitration proceeds. The MPPAA provides that when an employer withdraws from a multiemployer plan, it must pay "withdrawal liability" in an amount approximately equal to the employer's proportionate share of the plan's unfunded vested benefits. *Connolly v. Pension Benefit Guaranty Corp.*, 475 U.S. 211, 217, 106 S. Ct. 1018, 1022, 89 L. Ed. 2d 166 (1986); *see also* 29 U.S.C. §§ 1381, 1391. In order to collect this liability, the pension fund must determine the amount due and issue a notice and demand to the employer. *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1015 (7th Cir. 2001). The employer may request a review of the fund's determination, and may dispute the determination in arbitration, as Defendants have done here. *Id.* However, the MPPAA establishes a "pay now, dispute later" scheme under which an employer must make interim payments in accordance with the schedule set forth by the fund in its demand while the arbitration proceeds. *Id.* (citing 29 U.S.C. § 1399(c)(2)).

Defendants do not dispute that the MPPAA provides for a "pay now, dispute later" scheme, that they are all jointly and severally liable for the withdrawal liability due to the fact that they are under common control, *see* 29 U.S.C. § 1301(b), or even that the Pension Fund's initial calculations of withdrawal liability are incorrect. Instead, they argue that certain reductions should be applied to the amount of liability based on their financial circumstances,

4

that they should be able to pay in installments rather than a lump sum, and that an exception to the "pay now, dispute later" scheme applies here.

For support of their claim that an exception exists, Defendants point to *Robbins v. McNicholas Transp. Co.*, 819 F.2d 682, 685-86 (7th Cir. 1987), where the court held that "[u]pon considering the employer's probability of success before the arbitrator, and the gravity of any economic hardship caused by payment of installments while awaiting decision, the court should have discretion, similar to that exercised in deciding whether to issue a preliminary injunction, to decline to use its injunctive power to compel payment." However the Seventh Circuit later called this discretion into question when it questioned whether orders compelling interim payments were equitable. *Trustees of the Chicago Truck Drivers, Helpers, & Warehouse Workers Union (Independent) Pension Fund v. Cent. Transp., Inc.*, 935 F.2d 114, 118 (7th Cir. 1991). The court in *Central Transport* also held that to the extent *McNicholas* did provide some discretion to district courts, it did not extend "an invitation to pre-try the case or to excuse payments by those employers whose precarious financial condition creates the greatest risk to the pension plan." *Id.* at 119. The court held that *McNicholas* was "at most a recognition" that a district court could deny interim payments on a "frivolous" claim for withdrawal liability. *Id.* The court further held that because the defendant in that case could not deny that it was responsible for "substantial withdrawal liability," the pension fund's claim was colorable and could proceed. *Id.* The court left all other defenses and excuses to the arbitrator and refused to even inquire into the parties' likelihood of success on those arguments. *Id.*

Here, Defendants similarly concede that they are responsible for substantial withdrawal liability. Their arguments for installment payments and reduced liability pursuant to 29 U.S.C. §§ 1399 and 1405 are precisely the sorts of disputes the MPPAA leaves to the arbitrator. 29

5

U.S.C. § 1401(a)(1); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Johnco, Inc.*, 694 F. Supp. 478, 480-81 (N.D. Ill. 1988) (addressing disputes under § 1405). Thus, the Court need not address Defendant's likelihood of success on those arguments. However, the Court notes that the arbitrator has already made a preliminary ruling in Plaintiffs' favor on the same arguments. Moreover, while Defendants do challenge the reasoning of Plaintiffs and the arbitrator, nowhere do they claim that Plaintiffs' claim is frivolous. Thus, the Court is without discretion to deny Plaintiffs' claim for interim payments.

In a final attempt to avoid payment, Defendants argue that the arbitrator's decision is now ripe for review by this Court. However, the MPPAA provides for district court review of the arbitrator's decision "[u]pon completion of the arbitration proceedings" in an action commenced "in accordance with section 1451...to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(1). The arbitrator's ruling in this case is preliminary and provides for no award. The arbitration proceedings are not complete. Additionally, the action presently before the Court is simply an action to compel interim payments, which concludes when the Court determines whether such payments are due. *Central Transp.*, 935 F.2d at 117-118. It is not an action filed in accordance with 29 U.S.C. § 1451 to enforce, vacate, or modify the arbitrator's award. For all of these reasons, it is not appropriate for the Court to review the arbitrator's decision at this point.

## *CONCLUSION*

For the above reasons, the Court GRANTS Plaintiffs' motion for summary judgment. The Court enters judgment in favor of Plaintiffs and against Defendants. Pursuant to 29 U.S.C. § 1132(g)(2), which is applicable to actions for delinquent withdrawal liability payments, 29 U.S.C. 1451(b), the Court awards Plaintiffs the unpaid withdrawal liability, interest thereon,

reasonable attorney's fees and costs, and an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of 20% of the withdrawal liability.

IT IS SO ORDERED.

_7/22/10_  
Dated

_Wm. J. Hibbler_  
Hon. William J. Hibbler  
United States District Court